CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 12 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 7:02-CR-00046 |
| ) | |
| RODNEY J. BROWN, ) | By: Michael F. Urbanski |
| ) | Chief United States District Judge |
| Defendant. ) | |

### MEMORANDUM OPINION

Defendant Rodney J. Brown filed an emergency motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-015. He asks that his sentence be reduced to from 240 months to 120 months which will result in his immediate release. ECF No. 42. The government does not contest that Brown is eligible for consideration of a reduction in his sentence and agrees that he is entitled to immediate release to be followed by eight years of supervised release. ECF No. 44. Neither party requested a hearing. For the reasons set forth below, the court will **GRANT** Brown's request and modify his sentence to 120 months, but not less than time served, to be followed by an eight-year term of supervised release.

### I.

On April 17, 2002 Brown was indicted and charged with one count of distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 1); being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) (Count 2); and possession of a stolen firearm in violation of § 922(j) (Count 3). In addition, the government filed an Information to establish the defendant's prior convictions pursuant to 21

U.S.C. §§ 841(b)(1)(A) and 851. On September 16, 2002, a jury found Brown guilty on Count 1 and not guilty on Count 2. Count 3 was dismissed on motion of the government.

According to the PSR, Brown was held accountable for approximately 57.6 grams of cocaine base. ECF No. 40 at 4. Brown was found to have a total offense level of 34 and a criminal history category IV, resulting in a guideline range of 210 to 262 months. He also was subject to a statutory minimum sentence of 20 years because of his prior convictions. Id. at 17; 21 U.S.C. § 841(a)(1)(A). On December 2, 2002, Brown was sentenced under the then-mandatory sentencing guidelines to 240 months imprisonment and a ten-year period of supervised release. Brown filed motions for reduction of his sentence under retroactive guideline amendments 706 and 750, which were part of the Fair Sentencing Act of 2010. Both motions were denied because Brown was serving the mandatory minimum sentence. ECF Nos. 28, 29, 33, 36.

Brown has served approximately 202 months and his projected release date is December 28, 2019. ECF No. 41 at 3.

At the time Brown was sentenced, a violation of § 841(b)(1)(A) carried a mandatory minimum sentence of 10 years and a maximum of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). In addition, Brown was subject to a mandatory minimum of 20 years and a maximum of life imprisonment because he had at least one prior felony drug conviction.

In 2010, the Fair Sentencing Act was passed, and Section 2 of the act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act was enacted on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

## II.

The parties agree that the First Step Act applies to Brown. Because he was charged with more than 50 grams of cocaine base but less than 280 grams, today he would be sentenced under 21 U.S.C. § 841(b)(1)(B). Based on drug weight of 57.6 grams of cocaine base, his base offense level is 24 and his new total offense level is 26. Coupled with his criminal history category of IV, his new applicable guideline range 92 to 115 months. See ECF No. 41 and USSG § 2D1.1(c)(8) and Ch.5, Pt. A.

However, because of his prior conviction, his mandatory minimum sentence would be 10 years followed by an 8-year term of supervised release and the maximum would be life. Id. See 21 U.S.C. § 841(b)(1)(B) (2018). Because Brown has served approximately 202 months, the parties agree that an appropriate modified sentence is 120 months, but not less than time served, to be followed by an 8-year term of supervised release. Brown has not previously moved for a reduced sentence pursuant to the First Step Act of 2018 and has not previously had his sentence reduced as if the Fair Sentencing Act of 2010 applied in his case.

### III.

The court will **GRANT** Brown's emergency motion to reduce his sentence, ECF No. 42, and modify his sentence to a total period of 120 months, but not less than time served, to be followed by an 8-year term of supervised release. The court finds the sentence agreed to by the parties is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law.

An appropriate Order and amended judgment will be entered. The effective date of the order shall be stayed for ten days from the date of entry to allow the Bureau of Prisons sufficient time to process the defendant's release from imprisonment.

Entered: 03-12-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge